NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-225

COMMONWEALTH

vs.

MICHAEL J. BASSETT.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Michael J. Bassett, was convicted of operating a motor vehicle under the influence of intoxicating liquor (OUI), third offense, in violation of G. L. c. 90, § 24 (1) (a) (1). On appeal, he argues that the trial judge abused his discretion by redacting a medical record in an arbitrary and inconsistent manner and by admitting in evidence certain unredacted statements that spoke directly to the issue of liability. Discerning no error, we affirm.

Background. We summarize the facts that the jury could have found at trial, reserving certain details for our discussion of the specific issues. On January 12, 2018, at approximately 10 P.M., the defendant was involved in a single-vehicle accident in Billerica. His sport utility vehicle (SUV), which he was driving and of which he was the sole occupant,

crossed the white fog line and collided with a telephone pole in front of the 99 Restaurant on Boston Road, overturning and coming to rest on its roof in the middle of the road. Billerica police officer John Slaney, who was nearby at the time, was dispatched and responded to the scene within one minute.

On arrival, Officer Slaney found the defendant "standing . . . against the vehicle on the passenger side front."[1] "Several people" had exited the restaurant and were observing. The defendant was bleeding from the head, smelled of alcohol, and had glassy eyes. Officer Slaney guided the defendant over to his patrol vehicle, during which time he noticed that "[the defendant] was a little unsteady on his feet." The officer asked the defendant about his wellbeing, to which the defendant responded that "he was okay."

Shortly thereafter, paramedics arrived and provided additional care to the defendant. After approximately fifteen minutes, the defendant was transported to Lahey Clinic in Burlington for further treatment. Once at the Lahey Clinic emergency department, nurses and clinicians treated the defendant, memorializing their observations of him in a medical record. They made, inter alia, repeated notes of his apparent intoxication during the course of their treatment. They further

---

[1] Medical providers would later note that the defendant "self extricated" from the vehicle after the turnover.

2

noted that he refused to remove his clothing for a complete exam and that he stated "I am fine[.]"

The defendant was charged with OUI and a marked lanes violation.[2]  Prior to trial, the defendant moved to suppress evidence stemming from a blood draw that was conducted at Lahey Clinic, arguing that it was obtained without consent or a warrant.  The trial judge allowed the defendant's motion but permitted other portions of the medical record to enter in evidence, subject to redaction.[3]  The Commonwealth and the defendant agreed to many of the redactions, however, the defendant ultimately objected to two unredacted statements, discussed infra.

The defendant was convicted of OUI and subsequently pleaded guilty to a third offense sentencing enhancement.  He was sentenced to two years in the house of correction with 180 days to serve, and the balance suspended with probation until March 29, 2022.  This appeal followed.

Discussion.  1.  Admission of statements in medical record. The defendant argues that the trial judge abused his discretion

---

[2] The defendant was found not responsible for the marked lanes violation.

[3] The trial judge redacted portions of the medical record in response to a motion in limine filed by the defendant.  Although that motion is not in the record before us, it appears that the judge used the redactions to exclude what he determined to be unfairly prejudicial evidence, pursuant to Mass. G. Evid. § 403 (2019).

by admitting in evidence statements in the medical record that spoke directly to the issue of his liability for OUI.  We disagree.

"Generally, determinations as to the admissibility of evidence lie 'within the sound discretion of the [trial] judge.'"  Commonwealth v. Jones, 464 Mass. 16, 19-20 (2012), quoting Commonwealth v. Dunn, 407 Mass. 798, 807 (1990).  Where the defendant objected to the admission of specific portions of the medical record at trial, we review for abuse of discretion.  Jones, supra at 21.  When, as here in part,[4] the defendant appeals the admission of evidence to which he did not object at trial, we instead review to see if any error resulted in a substantial risk of a miscarriage of justice.  Commonwealth v. Botev, 79 Mass. App. Ct. 281, 283-284 (2011).

It is well settled, and the defendant concedes, that "[r]ecords kept by hospitals . . . shall be admissible . . . so far as such records relate to . . . treatment and medical history."  G. L. c. 233, § 79.  However, "nothing therein contained shall be admissible as evidence which has reference to the question of liability."  Id.  The statute is construed liberally, permitting "the admission in evidence of statements

---

[4] On appeal, the defendant challenges portions of the medical record contained on pages two, six, seven, eight, eleven, and thirty-four.  He only objected to statements on pages six and eleven at trial.

4

in hospital records bearing on criminal culpability that seem to relate at most only incidentally to medical treatment." Commonwealth v. Dube, 413 Mass 570, 573 (1992). "Objectively determinable facts resulting from medical tests and procedures conducted for diagnostic and treatment purposes and appearing in hospital records submitted under the statute may obviously bear on the ultimate question of civil or criminal liability but do not constitute improper allegations, opinions, or conclusions about liability." Commonwealth v. McLaughlin, 79 Mass. App. Ct. 670, 675 (2011).

Here, the judge properly admitted under G. L. c. 233, § 79, the portions of the defendant's medical record that spoke to his diagnosis and treatment. See Commonwealth v. Lampron, 65 Mass. App. Ct. 340, 343-344 (2005) (admitting hospital records referring to intoxication in OUI context). See also Mass. G. Evid. § 803(6)(B) (2022). At trial, the defendant ultimately objected to the admission of two portions of the medical record: (1) the statement "[a]lcoholic intoxication without complication," which appeared under the heading "[c]linical [i]mpression"; and (2) the statement "[a]lcohol intoxication," which appeared under the heading "[i]njuries." We conclude that both statements reflected assessments made by nurses or clinicians in the ordinary course of treatment. See Commonwealth v. DiMonte, 427 Mass. 233, 242 (1998) (fact-

specific references to cause of injury relevant to treatment). The defendant was found by police standing next to an overturned vehicle with a bloody injury to his head. After the responding officer saw him displaying signs of wooziness, he was transported to the emergency department at Lahey Clinic for further treatment. Providers at the emergency department observed him and made notes about his medical status in an effort to properly identify the source of, and treat him for, those symptoms and injuries. Id. Their observations regarding his intoxication were an appropriate part of that treatment, as were their memorialization of those observations into a written record. See Lampron, 65 Mass. App. Ct. at 343-344.

Furthermore, the statements that were admitted did not impermissibly speak to the ultimate question of liability. We have repeatedly held that medical records alluding to a defendant's intoxication may be admitted in OUI cases because such statements do not exceed the bounds of G. L. c. 233, § 79. See, e.g., Commonwealth v. Palacios, 90 Mass. App. Ct. 722, 727-728 (2016); McLaughlin, 79 Mass. App. Ct. at 675. The challenged statements in this case referred exclusively to intoxication, not impairment, and were admitted consistent with those rulings. See Palacios, supra. We discern no abuse of discretion in the judge's decision to admit these portions of the medical record.

For the first time on appeal, the defendant further argues that portions of the medical record to which he did not object at trial were admitted in error.  These statements included (1) "[p]atient admitted to alcohol use," (2) "[r]eports he had a few drinks [sic] alcoholic drinks tonight," (3) "[d]riving with EtOH," (4) "[a]lcoholic [i]ntoxication without complication," (5) "[p]lan for patient to sober in the ED," (6) "post motor vehicle accident in which his SUV rolled over multiple times after he misinterpreted the distance needed to successfully make a turn," (7) "[p]t was driving approx 35mph when he reports he lost control of the car," and (8) "driver of moderate speed rollover MVC."  These statements appeared in the medical record under the headings "H[istory of] P[resent] I[llness]," "E[mergency] D[epartment] Notes," "Events/Environment Related to Injury," "Progress Notes," and "Diagnosis."

It is well settled that, where the defendant did not object at trial, the issue is not preserved, and we review only for a substantial risk of a miscarriage of justice.[5]  Botev, 79 Mass. App. Ct. at 283.  We see none here.  Like with the portions discussed supra, these record entries discussed observations

_____

[5] We note that the statement "[a]lcoholic [i]ntoxication without complication" appears twice in the medical record.  Defense counsel objected to the phrase where it appeared on page six but did not object to its appearance again on page thirty-four.  We accordingly review each statement as it appeared in the record under the respective, appropriate standard.

7

made by nurses and clinicians in the course of diagnosing and treating the defendant's injuries and did not impermissibly relate to the issue of liability. See DiMonte, 427 Mass. at 242. The defendant having arrived at the emergency department following a serious car accident, it was necessary for medical providers to contemplate the nature of the crash and the way in which alcohol consumption and or intoxication might have influenced the defendant's symptoms and treatment. See id. Furthermore, we conclude that these statements, none of which suggested that the defendant operated a motor vehicle while impaired without the need for further analysis, did not speak directly to the issue of liability. See Dube, 413 Mass. at 574; McLaughlin, 79 Mass. App. Ct. at 675. Instead, they represented the type of objective observations related to medical treatment that are explicitly permitted under c. 233, § 79, and our previous holdings. See McLaughlin, supra. Accordingly, there was no error, much less one creating a substantial risk of a

miscarriage of justice.

                                        Judgment affirmed.

                                        By the Court (Neyman,
                                          Desmond & Grant, JJ.[6]),

                                        *Joseph F. Stanton*

                                        Clerk

Entered:   February 21, 2023.

---

[6] The panelists are listed in order of seniority.